## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ZACHARY V. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | |
| MICHELIN NORTH AMERICA, INC.; | ) | NO. 3:07-cv-00283-TMR |
| MICHELIN AMERICAS RESEARCH | ) | |
| & DEVELOPMENT CORPORATION; | ) | |
| OHIO DEPARTMENT OF JOB & FAMILY | ) | |
| SERVICES; and Fictitious | ) | |
| Defendants "A" through "Z," | ) | |
| | ) | |
| Defendants. | ) | |

Confidentiality Order

Michelin North America, Inc. ("MNA") will or may contend that some materials produced in this litigation are confidential materials that need protection. To preserve and maintain the confidentiality of documents which have been produced in this litigation, or which may be produced in the future MNA or by other parties and/or third parties, which documents may constitute or contain trade secrets and/or other confidential or proprietary information, and to preserve and maintain the confidentiality of information which may be disclosed, sought, or elicited in this litigation by way of discovery response, deposition testimony, or otherwise, which information may constitute or contain trade secrets and/or other confidential or proprietary information, the parties agree as follows:

IT IS HEREBY ORDERED THAT:

I.       Scope and Terms.

1. This Order shall encompass all confidential documents, materials, pleadings, data, information, testimony, statements, or evidence of any type or nature whatsoever ("Litigation Materials"), without regard to form, which is generated, produced, elicited, sought, or obtained, whether formally or informally, at any time during the course of this litigation, including but not limited to appeals, which contain trade secrets. All parties understand that the Plaintiffs have not had the opportunity to see these materials before entering into this agreement and that nothing in this agreement is intended to represent that the Plaintiffs agree or consent to any designation by MNA of any materials as truly confidential, trade secrets, or otherwise deserving of special protection.

2. As used in this Order, "Confidential Material" shall encompass any type of Litigation Materials, or any copies or portion thereof, designated as confidential, the information itself contained in such materials, and any document or other item of any type which is derived from such materials, including but not limited to copies and reproductions, notes or summaries pertaining to the Confidential Material, pleadings discussing the material, testimony discussing the material, correspondence incorporating or discussing the materials, statements pertaining to the material, and exhibits.

II.      Designation of Confidential Material.

1. MNA may designate any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility of the materials the following notice, or an otherwise appropriate notice: "Confidential Material Subject to Confidentiality Order." At the discretion of MNA, the notice may appear on every page of

Confidential Material or only on the first page of any material the entirety of which is intended to be confidential. The notice may appear in the margins.

Litigation Material other than documents produced by MNA may be designated confidential by other means reasonably sufficient to notify others that the material is subject to this Order. The designation of confidential deposition testimony, for example, is addressed by section III(5) of this Order.

A confidential designation shall constitute a representation by MNA that it has a reasonable basis to believe that the information is confidential, proprietary or contains a trade secret and that it has not been previously produced without a protective order, nor received into evidence in open court. MNA shall make good faith efforts to apply any stamp of confidentiality to the documents to be produced in a manner which will not cover or have contact with any writing, print, photograph, graphics, chart, figures or other information contained on the document.

2. Only one copy of any Confidential Material shall be provided upon request to a party's designated attorney of record ("Designated Attorney"). All Confidential Material received by the Designated Attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

3. If a party disagrees with a designation of confidentiality, the party shall notify MNA in writing. If the dispute cannot be resolved by agreement, the material designated as confidential shall remain confidential pending a ruling by this Court and the conclusion of any and all proceedings and appeals challenging such ruling. The party claiming confidentiality has the burden of proving the materials should be kept confidential.

III.     Use and Disclosure of Confidential Material.

1. Confidential Material shall not be used by any party receiving it, including the party's attorney or other representatives and expert witnesses, for any purpose other than directly for the legitimate litigation of this action or as set out herein.

2. Confidential Material shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

(a)     Counsel of record for the parties;

(b)     The non-technical and clerical staff employed by counsel of record;

(c)     The independent personnel retained by counsel of record to furnish technical or other expert services or advice or to give expert testimony;

(d)     Court reporters and translators and deposition transcript reporters and translators; and

(e)     The Court and its authorized staff.

3. Prior to the disclosure of Confidential Material to any Qualified Person described in subparagraphs (a)-(d) of Paragraph 2 above, the Qualified Person shall sign a "Written Assurance" in the form of Exhibit A attached hereto. The Designated Attorney will maintain all executed Written Assurance forms, and will provide them to MNA upon request. However, a Written Assurance signed by a consulting expert who is not anticipated to testify at trial need not be furnished to counsel of record for MNA unless and until the consulting expert is, in fact, designated as an expert to be called at trial or, if upon the conclusion of the case, the consulting expert fails to return the Confidential Material as required by this Order. Any person receiving Confidential Material shall maintain the Confidential Material in a protected and secure manner

and restrict access at all times to Qualified Persons only. At the conclusion of the case, all recipients of Confidential Material shall return it to the Designated Attorney who provided it, who shall return it to the party which produced it, in accordance with this Order. All Qualified Persons shall also execute a "Closing Affidavit" in the form of Exhibit B attached hereto, as set forth in section IV of this Order.

4. If Confidential Material is utilized, elicited, discussed, or otherwise referred to during depositions, any party may request and require that only Qualified Persons, the deponent, and the reporter be present. A party shall, either at the deposition itself, or within thirty (30) days after receipt of the deposition transcript, notify all other parties and the deponent on the record or in writing that the testimony or information is confidential and shall designate the transcript or the portions of the transcript, including exhibits, for which such claim is made. The deposition transcripts or portions of the transcripts so designated are considered "Confidential Material" under this order. In the case of expert witnesses, notice to the party retaining the expert shall constitute notice to the expert; the retaining party shall be responsible for informing the expert of the designations.

The transcript or the portions of the transcript so designated shall be bound separately under seal and prominently marked "Confidential Material Subject to Confidentiality Order." Any and all computer-readable versions of the deposition shall also be so marked. If a designation of confidentiality is made other than at the deposition itself, the court reporter shall upon request provide any party with a list of persons to whom transcripts and/or exhibits have already been sent, and all parties shall cooperate in ensuring that all originals or copies of such transcripts or exhibits, including those in computer-readable form, are appropriately marked and

separately bound. The court reporter shall be advised to limit the distribution of the confidential portion(s) of the transcripts and exhibits to specified counsel and to the deponent or his or her attorney. The deponent shall be instructed in advance that he or she may not disclose Confidential Material or the information contained therein except as provided in this Confidentiality Order and shall sign a Written Assurance to that effect.

    5. No party or non-party that signs this Order may file with the Court any document containing or disclosing Confidential Material without first obtaining consent from the Court to file the document under seal. All documents that the Court approves for filing under seal shall be filed in a sealed envelope or other appropriate sealed container on which the title of this action shall be endorsed, an indication of the nature of the contents, the word "Confidential Material Subject to Confidentiality Order," and a statement substantially in the following form:

**FILED UNDER SEAL**

By order of the Court, entered on [date], this envelope is to remain sealed and the Clerk of Court shall not reveal the contents until further order of this Court.

All information filed under seal shall be kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

    6. Nothing in this agreement is intended to have any effect on trial. If MNA desires protection at trial, a separate motion must be filed by them. MNA understands that Plaintiffs intend to use Confidential Materials at trial, and MNA may move for appropriate confidential treatment of the materials at trial.

IV.    <u>Return of Confidential Materials.</u>

    1. This Order shall survive the termination of this action. All Confidential Material shall

retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Order and any and all proceedings and appeals challenging such decision are concluded.

2. If, at any time during this litigation, Confidential Material is ruled inadmissible, or agreed by all parties to be inadmissible, then that Confidential Material, shall be returned to MNA. The provisions of section III(3) of this Order shall apply regarding the return of this material. All material returned under this paragraph_(IV(2)) shall be held by MNA until the conclusion of the case in the event the material is later deemed admissible, in which case it shall again be made available to the Designated Attorney.

3. Within thirty (30) days of the final termination of this action, all Confidential Material, all copies thereof, and each document and all copies thereof which incorporates or references, in whole or in part, any Confidential Material, shall be returned to counsel for MNA. In addition, upon written request of MNA, the Designated Attorney shall sign an affidavit stating that all Confidential Material has been returned. The affidavit shall further state whether any Confidential Material was scanned or copied by electronic means into electronic format and whether any Confidential Material was stored electronically in a database. The Designated Attorney will also identify anyone who received Confidential Materials electronically. The Designated Attorney is responsible for insuring that any electronic version of Confidential Material is erased from all locations, including but not limited to databases, hard drives, e-mail accounts, servers (including all networked servers) and personal computers. This includes erasing such electronic copies from all back-up tapes and drives. The Designated Attorney will certify by affidavit that all electronic copies of Confidential Material have been erased.

4. Upon final termination of this action, all Confidential Material and all documents or other materials containing Confidential Material, which have been filed with the Clerk of Court under seal, shall be returned to MNA or made available for retrieval.

SO ORDERED, this Ninth day of January, 2009.

          **s/Thomas M. Rose**
          _____
          JUDGE THOMAS ROSE

We consent to the within and foregoing order:

          /s/Kenneth J. Ignozzi per e-mail authority 1/8/09
          Kenneth J. Ignozzi, Esq.
          Dyer, Garoofalo, Mann & Schultz
          131 North Ludlow Street, Suite 1400
          Dayton, Ohio 45402
          (937) 223-8888

          /s/ Kendall C. Dunson per e-mail authority 1/8/09
          Kendall C. Dunson, Esq.
          Beasley, Allen, Crow, Methvin, Portis & Miles PC
          218 Commerce Street
          Montgomery, Alabama 36104
          (334) 269-2343
          *Attorneys for Plaintiffs*


          /s/Scott A. King_____
          Scott A. King, Esq.
          Thompson Hine LLP
          2000 Courthouse Plaza, N.E.
          10 West Second Street
          Dayton, Ohio 45402-1758
          (937) 443-6560


          James R. Brogan, Esq.
          Emmalynn Karabell, Esq.

Lauren M. Nonnemacher, Esq.
DLA Piper, Rudnick, Gray Cary
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, Pennsylvania 19103-7300
(215) 656-3350
*Attorneys for Michelin North America, Inc.*

IN THE UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY V. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | |
| MICHELIN NORTH AMERICA, INC.; | ) | NO. 3:07-cv-00283-TMR |
| MICHELIN AMERICAS RESEARCH | ) | |
| & DEVELOPMENT CORPORATION; | ) | |
| OHIO DEPARTMENT OF JOB & FAMILY | ) | |
| SERVICES; and Fictitious | ) | |
| Defendants "A" through "Z," | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT "A" - WRITTEN ASSURANCE

STATE OF _____ )
COUNTY OF _____ )

I, _____, individually and on behalf of my agents and employers, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms, conditions and restrictions of the Confidentiality Order entered in the above matter, that I have been given a copy of and have read that Order and have had its meaning and effect explained to me by _____, Esq.; and that I hereby agree to be bound by the Order and its terms. I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents including notes or other memoranda or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding referenced above. I

further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I also understand that there may be statutes and/or common law principles respecting trade secrets that may apply independently of the provisions of the Order entered in this matter, and that such principles may include criminal sanctions for dissemination of trade secret information. I further agree that at the conclusion of that legal proceeding I will promptly return to the party from whom I received them any and all information and documents designated confidential, including all copies, electronic or otherwise, of such information and documents, together with any notes or other memoranda or writings regarding such information or documents and a certification by me that I have at all times abided by the terms of the Order entered in this matter. To the extent I have been unable to return electronic copies of Confidential Material, I hereby agree to erase all such electronic copies, in whatever format and wherever such electronic copies are stored.

    I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the court in the above matter, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for a violation of the Court's Order.

                                                                     _____

Subscribed and sworn to before me
this ____ day _____, of 200___.

_____

Notary Public

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ZACHARY V. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | |
| MICHELIN NORTH AMERICA, INC.; | ) | NO. 3:07-cv-00283-TMR |
| MICHELIN AMERICAS RESEARCH | ) | |
| & DEVELOPMENT CORPORATION; | ) | |
| OHIO DEPARTMENT OF JOB & FAMILY | ) | |
| SERVICES; and Fictitious | ) | |
| Defendants "A" through "Z," | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit "B" - CLosing Affidavit**

STATE OF _____ )

COUNTY OF _____ )

    I, _____, individually and on behalf of my employer, _____, having been duly sworn hereby attest that I have abided by the terms of the Confidentiality Order in the above matter and that all Confidential Material in affiant's possession, custody, control has been retrieved and has been returned to MNA, including all electronic copies of any Confidential Material. To the extent I have been unable to return electronic copies of Confidential Material, I hereby attest that I have erased all such electronic copies, in whatever format and wherever such electronic copies are stored.

_____

Subscribed and sworn to before me
this ____ day _____, of 200__.

_____
Notary Public